THE PENNSYLVANIA INVESTMENT COMPANY v. JACOB WILSON.

### No. 68.

MORTGAGE—*Penalty for Failure to Release—Erroneous Instructions.*   Under the statutes of Kansas, a mortgagee of real estate is required, when such mortgage shall have been paid, to release the same of record, but this requirement may be waived by the mortgagor; and where a mortgage contains a stipulation that the expense of recording such release shall be borne by the mortgagor, and, after full payment of the amount secured by the mortgage, an action is brought against the mortgagee to recover the statutory penalty for failure to release the mortgage of record, and the right to recover the penalty is based upon an alleged contract

entered into at the time of payment, by the terms of which the mortgagee agreed to pay the expense of recording the release, and the record shows that the only contract with reference thereto is embodied in the written correspondence between the parties to such instrument, all of which was introduced in evidence upon the trial, it was the duty of the court to instruct the jury as to the legal effect of such correspondence, and error to submit to them for their determination the question as to whether a new contract was entered into between the parties, whereby the expense of releasing the mortgage of record was assumed by the mortgagee.

MEMORANDUM.— Error from Decatur district court ; G. WEBB BERTRAM, judge. Action by Jacob Wilson against The Pennsylvania Investment Company to recover penalties for failure to discharge of record two mortgages. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed April 1, 1896, states the material facts.

*Robinson & McBride*, and *John R. Hamilton*, for plaintiff in error.

*Bertram & McElroy*, for defendant in error.

The opinion of the court was delivered by

CLARK, J. : This is an action brought under paragraph 3892, General Statutes of 1889, to recover penalties for failure to discharge of record two certain real-estate mortgages which had been paid by the mortgagors.

The record shows that these mortgages were executed by Jacob Wilson and wife in favor of the Pennsylvania Investment Company, on August 1, 1888, one to secure the payment of a coupon mortgage note for $650, bearing 6 per cent. semiannual interest, the principal sum being payable August 1, 1895, while the other was given to secure the payment of one note for $136.50, payable in 14 equal semiannual install-

ments of $9.75, the last installment to become due and payable August 1, 1895. Each mortgage contained a stipulation that upon performance of its conditions the property therein conveyed should be released by the mortgagee, but at the cost of the mortgagors. Wilson made prompt payment of the mortgage coupon and of the principal note which matured on February 1, 1888, and then defaulted.

In January, 1890, an agreement was entered into between the parties to this action, whereby the entire debt secured by these mortgages was to be satisfied upon payment of $857.25. This amount was paid by Wilson, and on February 21, 1890, the mortgages were returned to him properly released by written acknowledgment on the back of each mortgage of full payment of the debt by it secured, with directions to the register of deeds of Decatur county (where the land was situated) to discharge the same of record. These mortgages, with the releases indorsed thereon, were introduced in evidence, and the plaintiff admitted that the writings which purport to be releases were on the mortgages when they were returned to him in February, 1890 ; the recording of these releases in the office of the register of deeds of said county would operate to discharge the mortgages of record. The plaintiff also admitted that under the original contract between the parties the cost of recording the releases, which the record shows amounted to only $1, devolved upon the mortgagors, but he insisted that when the final payment was made a new contract was entered into by the terms of which the mortgagee assumed payment of this expense. No evidence was introduced in support of the plaintiff's claim in this respect, save such as is disclosed by the

written correspondence between the parties, all of which was introduced in evidence upon the trial.

The court, over the objection of the plaintiff in error, instructed the jury that

"the plaintiff claims that, at the time of the paying the sums secured by said mortgages, he made a new contract with the defendant, whereby it became the duty of the defendant to release said two mortgages of record, and that plaintiff paid to defendant the amount necessary to pay his fees for releasing said two mortgages over and above the amount due the defendant, and that, prior to commencing this action, plaintiff demanded of defendant the release of said two mortgages, which demand was refused. If you should find from a preponderance of the evidence that the claim of plaintiff has been proven — that is, that when he fully paid the amount and interest due the defendant secured by the said two mortgages he made a new contract, whereby it became defendant's duty to release said two mortgages, and that plaintiff paid to defendant the fee necessary to secure the release of said two mortgages, and that before commencing this action plaintiff made a demand upon defendant for the release of each of said two mortgages, which demand was refused — then your verdict should be for plaintiff, and plaintiff would be entitled to recover $100 for each mortgage about which you should so find, and plaintiff would also be entitled to recover a reasonable attorney's fee."

The jury returned a verdict in favor of plaintiff for $200, and $75 attorney's fee, and also made special findings of fact, including the following:

"2. Was this contract for Wilson to pay for the recording ever changed, so as to require defendant to pay for the same? Ans. Yes.

"3. If you answer interrogatory No. 2 'yes,' then state when and how the defendant agreed to pay same. A. When defendant agreed to accept $857.25 to release both mortgages.

"4. When plaintiff paid the notes and mortgages in petition set forth, to whom did he request the mortgages to be sent?   A.   To plaintiff.

"5. To whom was it sent, and when?   A.   To plaintiff, on or about the 21st of February, 1890.

"6. Was there a release sent with said mortgages? A.   No."

Special finding No. 6 is not supported by the evidence.   In fact, it is in direct conflict therewith.   The court should have instructed the jury as to the legal effect of the correspondence between the parties relating to the subject-matter of this controversy, and of the writings purporting to be releases which were on the mortgages at the time they were returned to the plaintiff, in February, 1890, and in failing to do so, and in submitting these questions to the jury for their determination the court erred.   The written correspondence between the parties will not bear the construction contended for by defendant in error.   There was an entire failure to prove that a new contract was entered into by the terms of which the mortgagee assumed the payment of the expense of recording the releases, and there was therefore nothing upon which to base the general verdict and the first and second special findings.   The motion for a new trial should therefore have been sustained.

The judgment will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Judges concurring.